UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 8, 2013

LETTER TO COUNSEL

      RE:    *Tammy Rivera v. Commissioner of Social Security*;
                Civil No. SAG-12-3078

Dear Counsel:

      On October 18, 2012, claimant Tammy Rivera petitioned this Court to review the Social Security Administration's final decision to deny her claims for Supplemental Security Income and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Rivera's reply. (ECF Nos. 13, 15, 21). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

      Ms. Rivera filed her claim for benefits on September 25, 2009, alleging disability beginning June 30, 2007. (Tr. 17, 123-43). Her claims were denied initially on October 6, 2009 and February 3, 2010, and on reconsideration on July 22, 2010. (Tr. 73-82, 88-89). On April 7, 2011, an Administrative Law Judge ("the ALJ") held a hearing. (Tr. 30-64). On April 21, 2011, the ALJ issued an opinion denying benefits. (Tr. 14-29). The Appeals Council denied Ms. Rivera's request for review, (Tr. 1-5), so the ALJ's opinion is the final, reviewable decision of the agency.

      The ALJ found that Ms. Rivera suffered from the severe impairments of degenerative disc disease, hypertension, depression, diabetes, and obesity. (Tr. 19). Despite these impairments, the ALJ found that Ms. Rivera had retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except the claimant can lift 20 pounds occasionally and 10 pounds frequently. The claimant can stand for 20-30 minutes, and sit for 20-30 minutes, consistently on an alternate basis, for 8 hours a day, 5 days a week. The claimant should avoid heights, hazardous machinery, temperature and humidity extremes, and stair climbing. The claimant should do no prolonged climbing, balancing, or stooping, meaning no more than once or twice an hour. The claimant is mildly limited in push/pull in right lower extremity and should not be required to perform any repetitive neck turning. The

>claimant could perform simple, unskilled work, svp 1 or svp 2 in nature, low concentration, low memory, low stress, meaning jobs that have no changes in the workplace, decision making, production rate work or judgment to speak of, that provide simple one or two step tasks.

(Tr. 21). After considering testimony from a vocational expert ("VE"), the ALJ concluded that Ms. Rivera could perform work existing in the local and national economy, and that she therefore was not disabled. (Tr. 28-29).

Ms. Rivera makes three arguments in support of her appeal: (1) that the ALJ failed to properly consider the opinion of a state agency medical consultant, Dr. Totoonchie; (2) that the ALJ failed to consider the opinion of a treating physician, Dr. Vesga; and (3) that the ALJ failed to consider Listings 1.04 and 1.02. While Ms. Rivera's first and third arguments lack merit, I agree that the ALJ failed to provide sufficient explanation regarding his consideration of Dr. Vesga's opinion. For that reason, remand is warranted.

Beginning with the unsuccessful arguments, Ms. Rivera first contends that the opinion of Dr. Totoonchie does not support the ALJ's RFC. Specifically, she argues that Dr. Totoonchie's stand/walk limitation is consistent with sedentary, not light, work. (Tr. 9). I agree that Dr. Totoonchie's opinion would not permit a full range of light work. However, the ALJ's RFC finds Ms. Rivera capable of a significantly reduced range of light work, with a sit/stand limitation that takes into consideration her various impairments. (Tr. 21). The ability to sit/stand at will renders the RFC consistent with the opinion of Dr. Totoonchie, and with the other evidence upon which the ALJ relied.

Ms. Rivera's listing argument is also flawed. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley,* 493 U.S. 521, 530 (1990) (emphasis in original). The claimant bears the burden of demonstrating that his impairment meets or equals a listed impairment. *Kellough v. Heckler,* 785 F.2d 1147, 1152 (4th Cir. 1986). Despite the general nature of the ALJ's language describing his evaluation of the listings, I find that the ALJ provided substantial evidence to support his findings. The ALJ noted that Ms. Rivera's representative did not contend that a listing had been met or equaled, and that no treating or examining physician supported findings that any listing had been met or equaled. (Tr. 20). Ms. Rivera does not argue that she meets each of the criteria set forth in listings 1.04 or 1.02, but instead asserts that the medical evidence should have triggered the ALJ to specifically compare each listed criteria to her symptoms and, further, to evaluate her symptoms under the equivalence standard under 20 CFR § 404.1526. Her argument fails. The ALJ properly assigned great weight to the opinions of the two state agency medical consultants, who found that Ms. Rivera's impairments did not meet or equal any listed impairments. (Tr. 25-26, 889-96, 925-32). Ms. Rivera has not cited to sufficient evidence to establish a need to re-evaluate any listing at the Appeals Council stage. I therefore find the ALJ's analysis was based on substantial evidence. However, because the case is being remanded for other reasons as set forth below, the ALJ may want to include express reasoning for the determination that the cited listings have not been met.

The ALJ failed, however, to adequately consider the opinion of treating physician Dr. Vesga. That opinion was contained in Exhibit 14F in the medical record, along with the opinion of another treating physician, Dr. Hsu. The ALJ rejected Dr. Hsu's opinion on several general grounds, including being "inconsistent with the record as a whole," "conclusory," and "primarily based on the claimant's subjective complaints." (Tr. 27). The ALJ also noted that Dr. Hsu lacked specialization in a relevant medical field. *Id.* However, the opinion of Dr. Vesga, a treating pain management doctor, arguably could have provided some consistent support for some of Dr. Hsu's conclusions. *Compare* (Tr. 899-900) (Hsu opinion) with (Tr. 901-02) (Vesga opinion). While the two opinions have some similarities in terms of the proposed restrictions and supporting medical findings, they are not "identical," as suggested by the Commissioner. *Compare* (Tr. 899) (Hsu opinion stating that Ms. Rivera can stand or walk and sit less than 1 hour in an 8 hour workday) *with* (Tr. 901) (Vesga opinion stating that Ms. Rivera can stand or walk and sit for a total of three hours in half-hour segments). Because the ALJ did not seem to recognize that Exhibit 14F consisted of two separate opinions from two separate treating physicians, and because the conclusions and the cited support in the two opinions differ in certain significant ways, I cannot find that the failure to evaluate Dr. Vesga's opinion constituted harmless error. Remand is warranted for an adequate discussion of that opinion and a consideration of what effect, if any, Dr. Vesga's opinion has on the evaluation of Dr. Hsu's opinion. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Rivera is not entitled to benefits is correct or incorrect.

For the reasons set forth herein, Ms. Rivera's motion for summary judgment (ECF No. 13) and Defendant's motion for summary judgment (ECF No. 15) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge